USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/14/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSE SACKIN, PETER HARRIS, STEPHEN LUSTIGSON, NICHOLAS MIUCCIO, and SARAH HENDERSON, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

TRANSPERFECT GLOBAL, INC.,

        Defendant.

Case No. 17-cv-1469 (LGS)

---

## ~~[PROPOSED]~~ FINAL JUDGMENT AND ORDER OF DISMISSAL

**WHEREAS**, Plaintiffs filed a motion on December 15, 2017, for preliminary approval of a proposed class action settlement and release. A hearing was held on the motion on February 7, 2018. By Order dated March 13, 2018, the Court conditionally certified a Settlement Class for settlement purposes under Rules 23(b)(1) and (2), approved the form and manner of notice to potential class members, and set a schedule for final consideration of the settlement;

**WHEREAS,** Plaintiffs filed an Uncontested Motion for Final Approval of Class Action Settlement and Motion for Award of Attorneys' Fees, Costs, Expenses, and Service Awards to Class Representatives;

**WHEREAS**, a conference for the final approval of the settlement was held on September 27, 2018.  For the reasons stated at the conference, the Court requested certain additional information including affidavits from the class representatives detailing the efforts they took on behalf of the class.  The parties filed the requested material on November 7, 2018;

**WHEREAS**, by the close of the claims period, 1,419 members or 29.1% of the class elected to join the settlement;

**WHEREAS**, no objections to the Settlement were timely filed;

**WHEREAS**, due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing, **IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. For purposes of this Final Judgment and Order of Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the litigation, Plaintiffs Jesse Sackin, Peter Harris, Stephen Lustigson, Nicholas Miuccio, and Sarah Henderson, the Class Members, and the Released Persons ("the Settling Parties").

3. With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds as to the Settlement Class that:

    (a)    the Class is so numerous that joinder of all members is impracticable;

    (b)    there are questions of law or fact common to the Class;

      (c)      the claims of Plaintiffs are typical of the claims of the Class;

      (d)      Plaintiffs will fairly and adequately protect the interests of the Class;

      (e)      questions of law and fact common to class members predominate over any questions affecting only individual Class Members; and,

      (f)      a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All persons in the United States whose 2015 Form W-2 data and/or payroll information was compromised as a result of the Data Breach.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are certified as the Class Representatives, and Jeremiah Frei-Pearson of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, is certified as Class Counsel.

6. The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Court hereby finds and concludes that (1) the Summary Notices to be sent by electronic and physical mail ("Email Notice" and "Postcard Notice," respectively) were disseminated to members of the Settlement Class in accordance with the Settlement Agreement, the Court's Preliminary Approval Order, and the Court's July 24, 2018 Order, and (2) the Long

Form Notice, the Election and Reimbursement Forms, and the Settlement Website complied with this Court's Preliminary Approval Order.

8. The Court finds and concludes that the Email Notice, Postcard Notice, Long Form Notice, the Election and Reimbursement Forms, Settlement Website, and all other aspects of the notice, opt-out and claims submission procedures set forth in the Settlement Agreement satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, provided the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class and the Settlement Class Members.

9. Certain persons who fall within the definition of the Settlement Class have requested to opt out of the Settlement and have complied with the procedures established by the Settlement Agreement and this Court. These Persons are listed in the attached Exhibit A, and they will not be bound by the terms of the Settlement Agreement.

10. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Settling Parties.

11. The Court finds and concludes that the Settlement is fair, reasonable, and adequate.

12. The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the Releases, and all other terms in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settling Parties. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement. However, without seeking further Court approval, the Settling Parties may jointly agree to make changes to the Settlement

Agreement, including to the manner in which the claims process shall be administered, provided that those changes do not reduce the benefits to which Settlement Class Members may be entitled, increase the burden on Settlement Class Members in making a claim, or otherwise materially alter the Settling Parties' obligations under the Settlement and the Settlement Agreement.

13. By this Judgment, the Releasing Parties shall be deemed to have (and by operation of the Judgment shall have) fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

14. This action is dismissed with prejudice. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise expressly ordered by the Court.

16. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Parties may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, (2) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (3) the Settling Parties shall return to the *status quo ante* in the litigation as it existed on March 13, 2018, without prejudice to the right of any of the Settling Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

18. Upon consideration of Plaintiffs' Motion for Award of Attorneys' Fees and Costs, the Motion is GRANTED. Consistent with Section 10.1 of the Settlement Agreement, Defendant shall pay Class Counsel $715,000 in attorneys' fees and $17,748.95 in litigation expenses, consistent with the terms of the Settlement Agreement. Per the Settlement Agreement, this award shall be paid separate and apart from the Settlement Consideration received by members of the Settling Class. The Notice Program advised that Class Counsel would seek an award of attorneys' fees of no more than to $715,000 and reimbursement of reasonable expenses of no more than $20,000, which, if approved by the Court, Defendant agreed to pay separately. In making this award, the Court has considered and found that the requested attorneys' fees are reasonable in light of the following considerations:

(a) In applying the *Goldberger* factors, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000), this analysis adopts the three-step approach set forth in *Colgate-Palmolive*. *In re Colgate-Palmolive Co. ERISA Litigation*, 36 F. Supp. 3d 344, 348 (S.D.N.Y. 2014). The first step is to determine a baseline reasonable fee by reference to

    other common fund settlements of a similar size, complexity and subject matter. *Id*. This step considers three of the *Goldberger* factors -- the requested fee in relation to the settlement, the magnitude and complexity of the case, and the policy consideration of avoiding a windfall to class counsel. *Id*. The second step is to make any necessary adjustments to the baseline fee based on the *Goldberger* factors of risk, quality of representation and other public policy concerns. *Id*. The third step is to apply the lodestar method as a cross-check, which addresses the final *Goldberger* factor of the time and labor expended by counsel. *Id*.

(b) With regard to the first step, for the purposes of comparing fee amounts in other class actions, the Court values the settlement benefits here, not including injunctive relief, to amount to at least $4 million dollars, and possibly considerably more. Empirical evidence shows that for class actions of a similar size to this one, the median percentage for fees is 27.5% of the gross settlement fund. *See* Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Stud. 811, 835, 839 (2010) (analyzing nearly 700 common fund settlements from 2006 and 2007) (median is 27.5% for gross settlement funds between $2.85 to $4.45 million). In a study of attorneys' fees in class actions between 2009 to 2013, empirical evidence shows that in mass torts cases, the median fee is 28% of the settlement when the median recovery is $4.2 million. *See* Theodore Eisenberg et al., Attorney Fees and Expenses in Class Action Settlements: 2009-2013, 92 N.Y.U. L. Rev. 937, 940, 952 (2017) (analyzing over 450 class action cases from 2009–2013). The magnitude and nature of this case point toward

a baseline fee percentage that falls within the range of the median fees found by the empirical studies, or approximately 28%.

(c) With respect to the second step, weighing the public policy goal of encouraging lawyers to bring common fund cases that protect consumers, the risk undertaken by counsel, the quality of representation in this case, and the number of participating class members (1,419 members or 29.1% of the class), there is no reason to deviate downward from the baseline fee. *See Goldberger*, 209 F.3d 43, 53 (2d Cir. 2000) (citation omitted). Class Counsel is therefore entitled to 18% of the Settlement Fund, which is well below the median fees awarded for similar class actions.

(d) As for the third step, the Second Circuit encourages the use of the lodestar method as "cross check" on the reasonableness of the requested percentage. *Goldberger*, 209 F.3d at 50. However, when used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. *Id.* Based on 883.1 hours worked and attorneys' fees that range from $350 to $800, Class Counsel calculates a lodestar multiplier of 1.6. The Court finds that the hours Class Counsel has spent on this case are reasonable. As for the reasonableness of the hourly rate, based on "the market rate prevailing in the community for similar services by lawyers of reasonably comparable skill," *Rodriguez-Hernandez v. K Bread & Co., Inc.*, No. 15 Civ. 6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) (citation omitted), the hourly rates are reasonable. *See Rudman v. CHC Grp. Ltd.*, No. 15 Civ. 3773, 2018 WL 3594828, at *3 (S.D.N.Y. July 24, 2018) (finding that hourly rates ranging from $210 to $985 per hour

are appropriate for class counsel). The lodestar multiplier is within the range of comparable awards in similar class actions. *See, e.g., In re BioScrip, Inc. Sec. Litig.*, 273 F. Supp. 3d 474, 497 (S.D.N.Y. 2017) (collecting cases) (for a $10 million dollar settlement, "[t]here is no question that Lead Counsel's lodestar multiplier of 1.39 is at the lower range of comparable awards in common fund cases"). This multiplier is especially reasonable given that the lodestar does not reflect any work Class Counsel has done since June 11, 2018, and will continue to do subsequent to the date of the publication of this Order. *Id.*; *see also Parker v. Jekyll & Hyde Entm't Holdings. L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at *2 (S.D.N.Y. Feb. 9, 2010). Based on an analysis of the *Goldberger* factors, Class Counsel's request for attorneys' fees is reasonable and is therefore granted.

19. Notwithstanding anything in the Final Judgment and Order of Dismissal to the contrary, attorneys' fees shall not be paid until payments are substantially made to class members.

20. Upon consideration of Plaintiffs' Motion for Service Awards to Class Representatives, and the Class Representatives' affidavits filed at the Court's request, the application is GRANTED. Consistent with the terms of Section 10.1 of the Settlement Agreement, Defendant shall pay Plaintiffs a Service Award in the amount of $3,500 each. Per the Settlement Agreement, these Service Awards shall be paid separate and apart from the Settlement Consideration received by members of the Settling Class.

21. Each and every Class Member, and any Person actually or purportedly acting on behalf of any Class Member, is hereby permanently barred and enjoined from commencing,

instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

22. This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

23. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) enforcing and administering this Order and Judgment; (c) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

24. There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: December 14, 2018
New York, New York

SO ORDERED:

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

# Exhibit A

## *Sackin v. TransPerfect Global, Inc.*, No. 17-cv-1469-LGS (S.D.N.Y.)

### List of Opt-Outs

1. Eric J. Gonzalez
2. Christopher R. Zeltser
3. Dan Emery
4. Tyrone Smith
5. Michael Gibbons
6. Alexa Gordish
7. Peter G. Buckstaff III
8. Jaclyn Perelgut
9. Jasmina Pasic
10. Christine Wilson
11. Melissa Haupt